UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
Case No.______________

U.S. DISTRICT COURT
FILED
2008 JAN 31 A 11: 33

DANIEL RILEY
Plaintiff,

v.

UNITED STATES,
THOMAS COLANTUONO,
ROBERT KINSELLA,
ARNOLD HUFTALEN,
STEPHAN MONIER,
Defendants,

CRIMINAL
COMPLAINT

18 U.S.C. § 241

18 U.S.C. § 242

08 mj 19-01

COMES NOW, Daniel Riley, acting in a sovereign capacity, Sui Juris, not Pro Se repeat not Pro Se representing the fiction DANIEL RILEY, and makes this criminal complaint, prima facie, to allege the deprivation of his guaranteed Constitutional and Common Law rights by employees and/or officers of the United States.

## JURISDICTION

1. The plaintiff cannot find anywhere in the law that gives the plaintiff or the court jurisdiction over title 18 offenses committed outside the territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7.

2. The plaintiff was going to use 28 U.S.C. § 1346 but that only refers to civil complaints.

3. The plaintiff says the court has jurisdiction! If anyone thinks differently then they are "frivolous."

## BACKGROUND

4. On September 12, 2007 the defendants kidnapped the plaintiff from his home in Cohoes, New York at gunpoint.

5. The defendant brought the plaintiff to Strafford County, New Hampshire and imprisoned him alleging United States Code, Title 18 violations.

6. The defendants have made unlawful demands against the plaintiff alleging violation of title 18 crimes inside the territorial jurisdiction of the United States.

7. The defendants have demanded the plaintiff be imprisoned anywhere from 30 to 51 years for alleged violations within the territorial jurisdiction of the United States.

8. The defendant alleges the plaintiff committed these offenses in Plainfield, New Hampshire while helping a fellow American defend himself from the unlawful aggressions of the defendants.

9. The plaintiff is still unlawfully imprisoned by unlawful demands made against the plaintiff by the defendant.

COMPLAINT

10. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier conspired to deprive the plaintiff of his liberty without due process.

11. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier conspired to deprive the plaintiff of the free exercise and enjoyment of his United States Constitutional Fifth Amendment Right to be prosecuted, arrested, and tried by a court with jurisdiction, his First Amendment Right to peacefully assemble, his Second Amendment Right to bear arms and his Right to Revolution, which is guaranteed by the New Hampshire Constitution Article 10.

12. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are depriving the plaintiff, under the color of law, of his Constitutional and Common Law Right to be criminally arrested and tried by an authority that has jurisdiction.

13. The plaintiff has undisputable proof to the lack of territorial jurisdiction of the United States within the State of New Hampshire. The proof consists of affidavits from the N.H. Secretary of State and from his Deputy that the United States is in non-compliance with RSA 123:1, which in turn makes them in non-compliance with U.S. Constitution Article I, § 8, Cl. 17, therefore no territorial jurisdiction to enforce title 18 offenses within the Country of New Hampshire

14. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are responsible for the unlawful actions described in ¶ 4 thru 9.

15. The plaintiff alleges Stephan Monier, through his subordinates, attempted to murder the plaintiff at approximately 7:55 a.m.on June 7, 2007 in Plainfield, New Hampshire by shooting bullets at him, that just missed his head by inches.

16. The plaintiff alleges also on that same day in June '07 he was electrocuted and beaten by the defendant Monier's subordinates for no lawful reason, the plaintiff was just exercising his right to peacefully assemble.

17. The plaintiff alleges the defendant's attempt to murder him chilled his ability to exercise his First Amendment Right to peacefully assemble without fear of bodily harm.

18. The plaintiff has a right to revolt if necessary, against any entity that has become inherently dangerous to the People's liberties. This right is contained in the New Hampshire Constitution, Article 10. The plaintiff alleges this Right to revolution has been chilled by the defendant's actions, such as stealing his "liberty tools" and attempting to murder the plaintiff for the free exercise of his lawful rights.

19. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier have and still are conspiring to cover up the attempted murder of the plaintiff.

20. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier committed overt acts, such as lying to the press about the murder attempt, covering up documentation of the attempted murder, hiding or destroying evidence such as shell casings, video of the attempted murder, and telling their subordinates to lie about the attempted murder.

21. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are refusing to produce proof of their alleged authority (jurisdiction) to deprive the plaintiff of his Constitutional and Common Law Rights, but instead use the color of law to imprison the plaintiff for title 18 offenses that are not within their jurisdiction.

22. The plaintiff, being a member of the unorganized militia, as defined in his home state's constitution, alleges the defendants deprived him of his firearms (liberty tools) without authority therefore, deprived him of his right to bear arms.

23. The plaintiff, DANIEL RILEY submits this criminal complaint in a good faith effort to receive justice for deprivation of his civil rights.

End of complaint

24. The plaintiff would request the court to appoint a special prosecutor since a United States Attorney and his Assistants are defendants.

25. Please note this is not a motion but a separate case, alleging criminal conduct on the part of the defendants, not to be docketed as part of case no. 07-189-GZS

I, Daniel Riley, submit this criminal complaint as an affidavit, and hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States," that I am over 18 years of age, a citizen of one of the United States of America and all allegations made by this complaint are true.

Daniel Riley

Witnessed Daniel Riley on the 29th day of January in the year 2008.

Notary Public

ISABEL PADIAL, NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 21, 2011

VERIFICATION

I, Daniel Riley, *Sui Juris*, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States," that I am over 18 years of age, a citizen of one of the United States of America, and that I personally served the following document(s);

CRIMINAL COMPLAINT

To the Unit Officer of The Stratford County Department of Corrections for, postage and delivery by United States Mail, to the following;

UNITED STATES DISTRICT COURT FOR NEW HAMPSHIRE
55 Pleasant St.
Concord N.H. 03301

United States Attorney
Thomas Colantuono
55 Pleasant St.
Concord N.H. 03301

Civil Rights & Civil Liberties Complaints
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 4706
Washington, D.C. 20530

Executed on: January 29, 2008

Daniel Riley, *Sui Juris*
All Rights Reserved Without Prejudice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
~~Civil~~ Action, File Number 08 mj 19

DANIEL RILEY
Plaintiff
v.

SUMMONS

UNITED STATES
THOMAS COLANTUONO
ROBERT KINSELLA
ARNOLD HUFTALEN
STEPHAN MONIER
Defendants,

To Stephan Monier:

You are hereby summoned and required to serve upon Daniel Riley, plaintiff's attorney, whose address is 266 County Farm Road, Dover, New Hampshire 08320 an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

____________________,
Clerk of Court.

[Seal of the U. S. District Court]

Dated ____________________

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
~~Civil~~ Action, File Number 08mj 19

DANIEL RILEY

Plaintiff

v.

SUMMONS

UNITED STATES
THOMAS COLANTUONO
ROBERT KINSELLA
ARNOLD HUFTALEN
STEPHAN MONIER

Defendants,

To Arnold Huftalen:

You are hereby summoned and required to serve upon Daniel Riley, plaintiff's attorney, whose address is 266 County Farm Road, Dover, New Hampshire 08320 an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

______________________,
Clerk of Court.

[Seal of the U. S. District Court]

Dated ______________________________

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
~~Civil~~ Action, File Number 08mj 19

DANIEL RILEY
Plaintiff
v.

SUMMONS

UNITED STATES
THOMAS COLANTUONO
ROBERT KINSELLA
ARNOLD HUFTALEN
STEPHAN MONIER
Defendants,

To Thomas Colantuono:

You are hereby summoned and required to serve upon Daniel Riley, plaintiff's attorney, whose address is 266 County Farm Road, Dover, New Hampshire 08320 an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

______________________,
Clerk of Court.

[Seal of the U. S. District Court]

Dated ______________________

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
~~Civil~~ Action, File Number 08mj 19

DANIEL RILEY
Plaintiff

v.

SUMMONS

UNITED STATES
THOMAS COLANTUONO
ROBERT KINSELLA
ARNOLD HUFTALEN
STEPHAN MONIER
Defendants,

To Robert Kinsella:

You are hereby summoned and required to serve upon Daniel Riley, plaintiff's attorney, whose address is 266 County Farm Road, Dover, New Hampshire 08320 an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

____________________,
Clerk of Court.

[Seal of the U. S. District Court]

Dated ________________________

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
~~Civil~~ Action, File Number 08-mj-19

DANIEL RILEY
Plaintiff
v.

SUMMONS

UNITED STATES
THOMAS COLANTUONO
ROBERT KINSELLA
ARNOLD HUFTALEN
STEPHAN MONIER
Defendants,

To the United States:

You are hereby summoned and required to serve upon Daniel Riley, plaintiff's attorney, whose address is 266 County Farm Road, Dover, New Hampshire 08320 an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____________________,
Clerk of Court.

[Seal of the U. S. District Court]

Dated ___________________________

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.)

January 28, 2008

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2008 JAN 29 A 11: 18

To: Court Clerk James Starr

From: Daniel Riley

Re: Summons

Dear Mr. Starr,

Please find the enclosed five summons that need your signature and the seal of the court as required by Federal Rules of Civil Procedure rule 4. Please send them back to me at my address below so I can have them served on the defendants. Please note that this is note a motion but a separate case being started by me.

Thank you,

Daniel Riley
266 County Farm Rd.
Dover N.H. 08320

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Daniel Riley

v. Docket No. 08-mj-19

United States
Thomas Colantuono
Robert Kinsella
Arnold Huftalen
Stephan Monier

**ORDER OF RECUSAL**

I hereby recuse myself from this case.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: February 4, 2008

cc: Daniel Riley, pro se

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel Riley

v. Case No. 08-mj-19

United States of America,
Thomas P. Colantuono,
Robert M. Kinsella,
Arnold H. Huftalen, and
Stephen R. Monier

**ORDER OF RECUSAL**

I hereby recuse myself from presiding over this case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

February 6, 2008

cc: Daniel Riley, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Daniel Riley**

**v.** Case No. 08-mj-19

**United States,**
**Thomas Colantuono**
**Robert Kinsella**
**Arnold Huftalen**
**Stephen Monier**

**O R D E R**

I recuse myself from presiding over this case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 6, 2008

cc: Daniel Riley, pro se

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Daniel Riley

v. Case No. 08-mj-19

United States,
Thomas Colantuono
Robert Kinsella
Arnold Huftalen
Stephen Monier

O R D E R

I recuse myself from presiding over this case.

SO ORDERED.

Joseph N. Laplante
United States District Judge

February 7, 2008

cc: Daniel Riley, pro se

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Daniel Riley

v. Civil No. 08-mj-19

United States
Thomas Colantuono
Robert Kinsella
Arnold Huftalen
Stephen Monier

O R D E R

The undersigned recuses himself from presiding over this case.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

Date: February 19, 2008

cc: Daniel Riley, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Daniel Riley

v. Case No. 08-mj-19

United States of America,
Thomas P. Colantuono,
Robert M. Kinsella,
Arnold H. Huftalen, and
Stephen R. Monier

**O R D E R**

All of the judges in this district have recused themselves from presiding over this case. Accordingly, subject to the concurrence of Chief Judge Lisi, the case shall be designated and assigned to an active district judge from the District of Rhode Island. Sitting by designation, the assigned judge is authorized to hold court within this district and perform any judicial function required of a judge of this district as set forth in 28 U.S.C. § 296. Jurisdiction over the case remains with the New Hampshire District Court.

The recusal of all of the judges on this court gives rise to an "emergency" with respect to the referred case as that term is used in 28 U.S.C. § 636(f). I therefore concur in the assignment of a magistrate judge from the designated district to perform the duties specified in 28 U.S.C. § 636(a)-(c).

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

February 22, 2008

cc: Clerk, USDC, Rhode Island
Daniel Riley, pro se

**CONCURRING ORDER**

I concur that ________________________, a district judge in active service, shall be designated and assigned to preside over the above-captioned case.

I further concur that an emergency exists as specified above and that for the duration of this case Magistrate Judge ______________ is assigned to perform such duties under 28 U.S.C. § 636(a)-(c) as may be assigned to him/her by the district judge to whom this case is assigned.

________________________________
Chief Judge, Assignee District

Date: _________________________

cc: Clerk, USDC, _______________
Daniel Riley, pro se

February 22, 2008

U.S. DISTRICT COURT
DISTRICT OF N.M.
FILED

2008 FEB 26 A 9:56

To: James Starr, Court Clerk

From: Daniel Riley

RE: Summons

Dear Mr. Starr,

On January 28, 2008 I sent five summons to be authenicated by you. I have not heard back from you. What is the status of those summons? Am I being denied access to the courts?

> "Access to courts of United States is constitutional right guaranteed by due process clause of Fifth Amendment and right of access to courts cannot be infringed upon or burdened." Silver v Cormier (1976, CA10 Colo) 529 F.2d 161

This proccess in other courts I dealt with only takes a week or maybe two tops, so I am concerned the Court is denying me access to due process through the Courts. I ask that you please respond to this correspondence in a timely manner and explain to me why my summons are taking so long to be signed and stamped. I thank you for your attention and time, have a nice day.

Respectfully submitted

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
James R. Starr
Clerk of Court

Telephone
603-225-1423

February 27, 2008

Strafford County House of Corrections
266 County Farm Rd.
Dover, NH 08320
Attn: Daniel Riley (Inmate)

Re: Riley v. United States of America, 08-mj-19

Dear Mr. Riley:

I am writing in response to your letter received February 26, 2008, in which you inquire as to why the clerk's office has not issued summonses in the above-captioned case.

On January 31, 2008, this office received a pleading entitled "Criminal Complaint" that named you as the "Plaintiff" and the following as "Defendants": United States; Thomas Colantuono; Robert Kinsella; Arnold Huftalen; and Stephen Monier. The text of your submission reiterated that this was intended to be a "criminal complaint", expressly distinguished itself from "civil complaints," and requested the appointment of a special prosecutor to pursue your criminal complaint. Based on these facts, this office opened up your case as a criminal case and not as a civil case.

Based on your most recent letter and your request for the clerk's office to issue summonses pursuant to Federal Rule of Civil Procedure 4, I am uncertain whether your intention is to file a private criminal action or a civil action against the named defendants. The manner in which the case proceeds differs depending upon whether you intended to file this as a criminal or civil case. Thus, in order to properly categorize and process this case, I would ask that you please clarify whether you intended to file a criminal or a civil action against the defendants. If you intended to file a civil action, you must also pay a civil filing fee of $350 or request in forma pauperis status. I have enclosed an instruction packet for prisoners requesting in forma pauperis status for your use should you intend the clerk's office treat your pleading as a civil action. For your information, this office will issue no process until I hear from you regarding whether you intend this to be a criminal or a civil action.

Sincerely,

Daniel J. Lynch
Chief Deputy Clerk

DJL/
enclosure