UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL RILEY<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>THOMAS COLANTUONO,<br>ROBERT KINSELLA,<br>ARNOLD HUFTALEN,<br>STEPHAN MONIER,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>NH 08-mj-19-WES<br><br>RI MC 08-21 S |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a private criminal complaint filed by Daniel Riley ("Riley" or "Plaintiff"). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3).

**Facts**

The complaint identifies the defendants as the United States (the "Government"), Thomas Colantuono ("Colantuono"), Robert Kinsella ("Kinsella"), Arnold Huftalen ("Huftalen"), and Stephan[1] Monier ("Monier") (collectively "Defendants"). The Court refers to Colantuono, Kinsella, Huftalen, and Monier collectively as the "Individual Defendants."

Riley alleges in his complaint the following: that on September 12, 2007, Defendants kidnapped him at gunpoint from his home in Cohoes, New York; that Defendants brought him to Strafford County, New Hampshire, and imprisoned him for alleged violations of Title 18 of the United States Code; that Defendants

---

[1] In the Complaint, Plaintiff spells Monier's first name as "Stephan." Complaint ¶ 14. The Court corrects the spelling to Stephen.

have made "unlawful demands," Complaint ¶ 6, against him and have alleged that he has committed violations of Title 18 "inside the territorial jurisdiction of the United States," id.; that Defendants have demanded that he be imprisoned for thirty to fifty-one years for the alleged violations; that the alleged violations were committed in Plainfield, New Hampshire, while Riley was helping a fellow citizen defend himself from unlawful aggression by Defendants; and that Riley is unlawfully imprisoned as a result.

Riley alleges that Monier, "through his subordinates, attempted to murder the [P]laintiff ... on June 7, 2007[,] in Plainfield, New Hampshire[,] by shooting bullets at him ...," id. ¶ 15, and that on the same day Monier's subordinates unlawfully electrocuted and beat Riley. Riley further alleges that the Individual Defendants conspired to deprive him of his liberty without due process and that they further conspired to deprive him of his Fifth Amendment right to be arrested and tried by a court with jurisdiction, his First Amendment right to peacefully assemble, his Second Amendment right to bear arms, and his New Hampshire constitutional "Right to Revolution," id. ¶ 11. He also alleges that the Individual Defendants are depriving him "under the color of law, of his Constitutional Right and Common Law Right to be criminally arrested and tried by an authority that has jurisdiction," id. ¶ 12; that they have conspired and continue to conspire to cover up his attempted murder; and that they are "us[ing] the color of law to imprison the [P]laintiff for title 18 offenses that are not within their jurisdiction," id. ¶ 21. Lastly, Riley claims that Defendants deprived him of his right to bear arms without authority.[2]

---

[2] This allegation is made as to all Defendants and not just the Individual Defendants. See Complaint ¶ 22.

In his prayer for relief, Riley requests that the Court appoint a special prosecutor because the "United States Attorney and his Assistants are defendants." Id. ¶ 24. He also advises that this action is "a separate case, alleging criminal conduct on the part of the defendants, not to be docketed as part of case no. 07-189-GZS.[3]" Id. ¶ 25.

**Law**

Generally, a private citizen has no authority to initiate a federal criminal prosecution. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Coggins v. Fuller, No. 2:07-cv-709-WKW, 2007 WL 2815034, at *1 (M.D. Ala. Sept. 26, 2007)("[A] private citizen cannot institute criminal proceedings in federal court.")(citing Linda R. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another")(Blackmum, J., dissenting))(internal quotation marks omitted); Smith v. WGBH Educ. Found., Civ. A. No. 90-10934-WD, 1993 WL 528438, at *1 (D. Mass. Feb. 16, 1993)(holding that a private citizen may not prosecute claims under the federal criminal code); see also Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2nd Cir. 1972)("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); Pugach v. Klein, 193 F.Supp. 630, 635 (S.D.N.Y. 1961)(holding that there is

[3] The reference to "case no. 07-189-GZS," Complaint ¶ 25, is an apparent reference to the federal criminal prosecution against Riley in the District of New Hampshire. See United States of America v. Daniel Riley, Cr. No. 07-189-01-GZS (D.N.H.). Due to the recusal of the judges in the District of New Hampshire, the case was referred to the District of Maine on October 16, 2007. See id. (Order of 10/16/07). On April 9, 2008, a jury found Riley guilty of conspiracy, accessory after the fact, and possession of a firearm/destructive device in connection with a crime of violence. Sentencing is scheduled for August 1, 2008.

no "residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason."); United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D. Pa. 1975)("The courts that have faced the issues have concluded that the essential role of the government (i.e., the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens.").

In affirming the dismissal of a private criminal complaint filed by a state prisoner, the United States Court of Appeals for the First Circuit stated:

> Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and, in this case, indictment by a grand jury.

Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964).

**Discussion**

It is clear from the case law cited in the preceding section that there is no authority which permits Riley to bring a private criminal complaint in this Court. Accordingly, the action should be dismissed, and I so recommend.

**Conclusion**

I recommend that this matter be dismissed because a private citizen cannot institute a criminal proceeding in federal court. Any objection to this Report and Recommendation must be specific

and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt. See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 10, 2008

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).